**NOT FOR PUBLICATION**

SEP 21 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SEYED HAMID RADMANESH DALINI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-75586<br><br>Agency No. A028-786-559<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2009[**]
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and LEIGHTON,[***] District
Judge.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]    The Honorable Ronald B. Leighton, United States District Judge for
the Western District of Washington, sitting by designation.

Seyed Hamid Radmanesh Dalini, an Iranian citizen, has petitioned for review of the dismissal of his appeal by the Board of Immigration Appeals (BIA) from a final order of removal by an Immigration Judge (IJ).  On February 17, 1993, Dalini was convicted by a jury in California Superior Court of possessing 1,090 grams of opium for sale, in violation of California Health and Safety Code § 11351.  A January 17, 2003 Notice to Appear charged him with removability for committing an aggravated felony, which Dalini admitted, and he conceded removability.

Because Dalini was an aggravated felon, the IJ denied his application for cancellation of removal for permanent resident status under 8 U.S.C. § 1231(b)(3)(B)(iv).  The IJ also denied Dalini's application for withholding of removal under the Convention Against Torture, since he had been convicted of a "particularly serious crime," thereby disqualifying him from removal relief. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). Finally, the IJ deferred Dalini's removal to Iran, where he had proved that he would be tortured or killed.  Dalini challenges the BIA's adoption of the IJ's conclusion that he was convicted of a "particularly serious crime" and argues that he is eligible for withholding of removal.

We have jurisdiction to review whether Dalini's offense was a particularly serious crime, one disqualifying him from withholding from removal. *Delgado v.*

2

*Holder*, ___ F.3d ___, 2011 WL 3633695, at *1 (9th Cir. 2011) (en banc). Any aggravated felony involving unlawful trafficking in controlled substances presumptively constitutes a particularly serious crime, unless the presumption is rebutted by extraordinary circumstances that make the crime especially unserious. *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (approving the rule in *Matter of Y-L-*, 23 I&N Dec. 270 (Op. Att'y Gen. 2002)). Because Dalini was convicted of possessing more than one kilogram of opium, the IJ did not abuse his discretion in concluding that Dalini's case did not present the requisite extraordinary circumstances. *See id.* at 946 (holding that a defendant can rebut the presumption only by demonstrating, *inter alia*, "a very small quantity of controlled substance"). Therefore, the IJ properly denied withholding of removal under 8 U.S.C. § 1231(b)(3) and under the Convention Against Torture, 8 C.F.R. § 1208.16(d)(2).

**PETITION DENIED.**